**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| OMAR M. REZAQ, # 20267-016, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-00990-MJR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| M. WINKLEMEIR, | ) | |
| LESLEE DUNCAN, and | ) | |
| DR. KING, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Omar M. Rezaq, an inmate in the United States Penitentiary at Marion, Illinois, brings this action regarding the adequacy of his medical care, and a related conflict between his Muslim religious beliefs and prison policies during Ramadan that interfere with the administration of Plaintiff's medication.   Plaintiff raises claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1; the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679; and the Administrative Procedure Act (APA), 5 U.S.C. § 702.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, since Plaintiff arrived at USP-Marion in October 2010, at the age of 52, he has been experiencing worsening knee pain, which in turn has affected is hip, leg and neck. According to doctors, the knee pain is caused by osteoarthritis—

degenerative bone diseases attributable to advancing age. Plaintiff, however, suspects he also has a ligament problem.

Plaintiff describes being given ineffective medication due to policies limiting what medications may be dispensed to prisoners, and being repeatedly denied additional diagnostic tests, a referral to a specialist, therapy or pain management; and medical appointments are pushed back month after month. Plaintiff further asserts that there is a policy and practice of denying efficacious treatment for age-related medical conditions. Rather than prescribe a treatment or medication, the Health Care Unit, and Physician's Assistant Duncan in particular, abdicates responsibility for inmate care by directing Plaintiff and other inmates to purchase over-the-counter, ineffective medical items at the commissary, regardless of their financial status.

In addition, it is alleged that during the month-long observance of Ramadan each year, when Muslims abstain from drinking and eating between sunrise and sunset, Plaintiff and other Muslim inmates are not provided medications during the non-fasting hours. In Plaintiff's situation, he is not given his morning medications prior to sunrise, so he must choose between following his medication regimen and adhering to his religious beliefs.

Suit is brought against the United States, the Bureau of Prisons, Clinical Director Dr. King, Marion Health Services Administrator Winkelmeir and Physician's Assistant Leslee Duncan. Plaintiff prays for declaratory, injunctive and other equitable relief, as well as compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into four counts (mirroring the complaint). The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial

officer of this Court.  The designation of these counts does not constitute an opinion as to their

merit.

> **Count 1:** **The policies and practices and/or acts and omissions of the Federal Bureau of Prisons, Clinical Director Dr. King, and Physician's Assistant Duncan have denied Plaintiff adequate, efficacious care for his age-related orthopedic ailments and pain, in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 702;**

> **Count 2:** **Physician's Assistant Duncan was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment;**

> **Count 3:** **The United States of America, by and though the other Defendants, is liable under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679, for the negligent medical care afforded to Plaintiff; and**

> **Count 4:** **The policies and practices and/or acts and omissions of the Federal Bureau of Prisons and Health Service Administrator Winklemeir in refusing to accommodate medication schedules during Ramadan violate Plaintiff's rights under the First and Eighth Amendments, and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1.**

The complaint suggests that Plaintiff is asserting constitutional and statutory claims on behalf of himself *and* other inmates.  However, Rezaq is the only named plaintiff, and he cannot represent other inmates.  *See Nocula v. Tooling Systems International Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("one *pro se* litigant cannot represent another") (citations omitted). Consequently, all claims are limited to policies and practices and acts or omissions directly affecting Plaintiff Rezaq.

## Discussion

The complaint presents a wide variety of constitutional and statutory claims, all premised upon the same general factual scenario. This is a reflection of the differing standards for liability and varying remedies available under each particular legal claim.

For example, specific equitable relief (such as medical treatment) is available under the APA (*see Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005), while money damages are not, because the APA only permits official capacity claims against agencies and their officers (*see Veluchamy v. FDIC*, 706 F.3d 810, 815-16 (7th Cir. 2013). In contrast, the FTCA does not authorize equitable relief, but it is the exclusive avenue for securing monetary damages for the negligence of government employees. *See* 28 U.S.C. § 1346(b)(1); *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2013). Constitutional challenges to the conditions of confinement, including medical care, are actionable by federal prisoners in accord with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (*see Glaus v. Anderson,* 408 F.3d 382, 386 (7th Cir. 2005)), but unlike the FTCA, deliberate indifference rather than negligence is the usual legal standard and vicarious liability is not permitted (*see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). In contrast, a claim under RFRA is focused on the nature of the burden placed upon the religious exercise, compared to the competing governmental interest—as opposed to an individual defendant's *mens rea*. *See* 42 U.S.C. § 2000bb-1(b); *Nelson v. Miller*, 570 F.3d 868, 878 (7th Cir. 2009).

The factual allegations in the complaint offer a sufficient foundation for each of Plaintiff's claims, and each count is tailored to the particularities each legal claim, as already discussed. Therefore, Counts 1-4 shall proceed.

**Disposition**

As an administrative matter, the Clerk of Court is shall correct the docket sheet to mirror the spelling of "Winklemeir" as it is in the complaint.

**IT IS HEREBY ORDERED** that, for the reasons stated, Counts 1-4 shall proceed.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **UNITED STATES**, **FEDERAL BUREAU OF PRISONS**, **DR. KING, M. WINKELMEIR** and **LESLEE DUNCAN**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendants **DR. KING, M. WINKELMEIR** and **LESLEE DUNCAN** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1]  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i)(1) and (2), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order; and (3) send by registered or

---

[1]  Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

certified mail to the Bureau of Prisons at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into

a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 29, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**