IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**OMAR M. REZAQ,**                                )
                                                                      )
        **Plaintiff,**                                 )
                                                                      )
vs.                                                                )   Case No.   13-cv-990-MJR-SCW
                                                                      )
**UNITED STATES OF AMERICA,**       )
**FEDERAL BUREAU OF PRISONS, M.** )
**WINKLMEIER, and PAUL HARVEY,**  )
                                                                      )
        **Defendants.**

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is Defendant United States of America's Motion to Dismiss the Plaintiff's Medical Malpractice Claim (Doc. 36). Defendant seeks to dismiss the malpractice claim brought by Plaintiff because he has failed to comply with **735 ILCS 5/2-622** in failing to obtain a written report from a medical professional deeming his claim meritorious. Plaintiff has both filed a Response (Doc. 40) to the motion indicating that he will be seeking to voluntarily dismiss his claim, as well as a Motion for Voluntary Dismissal (Doc. 41) requesting that his malpractice claim be dismissed without prejudice for his failure to obtain the required affidavit of merit from a medical professional.

Defendant United States argues that Plaintiff's Complaint should be dismissed because he has failed to comply with **735 ILCS 5/2-622**. Plaintiff's medical malpractice claim was brought pursuant to the **Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b); §2671,** *et seq*. Under Illinois law, which applies to claims brought under the FTCA, a plaintiff bringing a medical malpractice claim shall file an affidavit indicating that he has consulted with a medical professional who has written a report deeming his claim is meritorious or indicating that the plaintiff was unable to obtain a report prior to the expiration of the statute of limitations. **735 ILCS 5/2-622(a) (as**

**amended by P.A. 90-579, effective May 1, 1998).** Plaintiff's affidavit must be accompanied by a written report from the certifying medical professional. *Id.*

Failure to file the required affidavit is grounds for dismissal of the claim. *See* **735 Ill.Comp.Stat. §5/2-622(g);** *Sherrod v. Lingle*, **223 F.3d 605, 613 (7th Cir. 2000).** However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, **223 F.3d at 614.** "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sounds exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend [his] complaint to comply with section 2-622 before [his] action is dismissed with prejudice." *Id.*; *see also Chapman v. Chandra*, **Case No. 06-cv-0651, 2007 WL 1655799, at \*4-5 (S.D. Ill. 2007).**

Plaintiff agrees that his Count 3 medical malpractice claim should be dismissed for his failure to obtain the required affidavit but seeks to have his dismissal be without prejudice because he is incarcerated and, as a prisoner, is unable to obtain medical services from outside professionals in order to obtain the required affidavit. Given that Plaintiff agrees with the merits of Defendant United States' motion, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 36), but exercises its discretion is **DISMISSING** Plaintiff's Count 3 **without prejudice**. Plaintiff's motion for voluntary dismissal (Doc. 41) is **DENIED**. As Plaintiff's Count 3 was the only claim against the United States, the Court **DISMISSES without prejudice** Defendant United States. All other claims against the remaining Defendants remain pending.

**IT IS SO ORDERED**.
DATED: March 5, 2014.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge