IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR M. REZAQ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 13–cv–0990–MJR–SCW |
| FED. BUREAU OF PRISONS, | ) |
| M. WINKLEMEIR, | ) |
| LESLEE BROOK, and | ) |
| PAUL HARVEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

REAGAN, Chief Judge:

*Pro se* Plaintiff Omar Rezaq, an inmate in the United States Penitentiary, Marion, Illinois ("USP Marion"), brought this *Bivens* action in September 2013, alleging USP Marion doctors have acted with deliberate indifference to his chronic knee pain. Rezaq, a 56-year-old male, moved to enjoin Bureau of Prisons officials to provide him with—what he describes as—adequate medical care. The undersigned denied that motion, but in late September 2014, Plaintiff moved (via Rule 59) for relief from the Court's order. For the reasons articulated below, Plaintiff's motion (Doc. 65) is DENIED.

### LEGAL STANDARDS

Motions to reconsider are analyzed under either Rule 59(e) or Rule 60, depending on when the motion is filed. Any motion for reconsideration filed after Rule 59(e)'s 28-day deadline "must be construed as a motion to vacate." *Williams v. Illinois*,

1

737 F.3d 473, 475 (7th Cir. 2013). The prisoner mailbox rule applies where, as here, a prisoner plaintiff files a motion to reconsider, so Plaintiff's motion is considered "filed" on September 8, 2014—the day he gave it to prison authorities. *Edwards v. U.S.*, 266 F.3d 756, 758 (7th Cir. 2001); (Doc. 65, 7). September 8 was the twenty-eighth day after the challenged Order was docketed, so analysis of Plaintiff's motion proceeds under Rule 59(e). *See Williams*, 737 F.3d at 475; FED. R. CIV. P. 59(e).

Prevailing on a Rule 59(e) motion requires a party to clearly establish either (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). A party may not use a motion for reconsideration to rehash previously rejected arguments or introduce new evidence that could have been presented earlier. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

The controlling standard in the challenged order was that guiding preliminary injunctive relief in a prison setting. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant" carries the burden of persuasion "by a clear showing." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A plaintiff must show (1) likelihood of success on the merits; (2) that he is likely to suffer irreparable harm without the injunction; (3) the harm he suffers would outweigh any harm the injunction would inflict on the non-movant; and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 24 (2008); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). In prison litigation, preliminary injunctive

relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm the court finds requires preliminary relief." 18 U.S.C. § 3626(a)(2).

Plaintiff asserts three related manifests error of law and fact: (1) the Seventh Circuit case of *Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005), supports his request for injunctive relief; (2) the Court misapprehended the importance of a yoga program in which he participated, as well as a directive from one of his medical care provider that he undergo an MRI; and (3) that misapprehension tips the preliminary injunction analysis in his favor. Plaintiff's motion is a non-starter: his reliance on *Greeno* highlights the Court's conclusion that he failed to meet his burden.

## ANALYSIS

In *Greeno*, as Plaintiff rightly notes, the Seventh Circuit reversed a district court in a prisoner's deliberate indifference case. Greeno himself had been vomiting blood for over two years, and the Seventh Circuit characterized medical officials' persistence in a failed course of treatment as an "obdurate refusal." *Greeno*, 414 F.3d at 651–54. But there, the district court had granted summary judgment for prison officials. *See Greeno*, 414 F.3d at 653–54. At summary judgment, of course, the burden is on a defendant to show the lack of any genuine issue as to any material fact. *Armato v. Grounds*, 766 F.3d 713, 719 (7th Cir. 2014). This case is easily distinguishable: here Plaintiff asks the Court to reconsider a motion where *he* had the burden. *See Mazurek*, 520 U.S. at 972.

At the preliminary injunction stage, *Greeno* actually undercuts Plaintiff's argument. *Greeno*'s two years of vomiting blood (and officials' refusal to alter their treatment at all) would weigh far heavier in the balance of the equities than do the facts here. A 56-year-old with chronic knee pain is simply not subject to the quantum of harm to which Mr. Greeno was exposed.

Neither does any manifest error of fact undercut the denial of Plaintiff's motion for an injunction. Plaintiff argues that yoga program was an exception to his activity restrictions and given for the purpose of treating his knee pain. Plaintiff did raise that issue in his reply brief, but it cuts against him by lowering his chance of success on the merits. A yoga or light stretching program is simply another attempt by officials to treat Plaintiff's pain, and the Eighth Amendment does not guarantee specific medical treatment. **See *Blankenship v. Birch*, 2014 U.S. App. LEXIS 21074, at \*7 (7th Cir. 2014) (stretching routine rather than physical therapy did not constitute deliberate indifference)**. Indeed, the earliest documentary evidence to Plaintiff's complaints about knee pain are from 2012, and since that time he has had an X-ray (Doc. 1-1, p. 46), a steroid injection (Doc. 1-1, p. 44), has been prescribed numerous drugs for treatment (Doc. 59-2), and has been told to perform light stretching and do yoga. A course of treatment that leaves Plaintiff dissatisfied, even if officials have chosen not to give him an MRI, does not constitute deliberate indifference. **See *Budd v. Motley*, 711 F.3d 840, 844 (7th Cir. 2013); *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997).**

Lastly, the Court notes that the public interest would not be served by an injunction here. Enjoining Defendants would, in effect, endorse a rule whereby a

Plaintiff who is dissatisfied with the amount of treatment of a chronic joint problem could force changes in his treatment regimen simply by pointing to *Greeno*'s maxim that continued pain can, in some circumstances, constitute deliberate indifference. Such a rule would wreak havoc in prison administration, and effectively require courts to micromanage inmate patient care. Both precedent and statute counsel otherwise. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (the Prison Litigation Reform Act "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage.") (internal quotation and citation omitted). *Accord Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008) (medical professional entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances).

## Conclusion

In short, Plaintiff failed to make his showing that a preliminary injunction was necessary, and has failed to meet his burden for Rule 59(e) relief here. Plaintiff's Motion (Doc. 65) for Relief from the Undersigned's Order denying him injunctive relief is **DENIED**.

IT IS SO ORDERED.
DATE: December 9, 2014            s/ *Michael J. Reagan*
                                  MICHAEL J. REAGAN
                                  Chief Judge
                                  UNITED STATES DISTRICT COURT